UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUSTON RICE,

                Plaintiff,

    -against-                                   1:04-CV-749
                                                                         (LEK/GHL)

DENNIS LEORARD, POLICE OFFICER, and
ROBERT SCHRUNK, POLICE OFFICER,

                Defendants.
_____

**MEMORANDUM-DECISION AND ORDER**

      Plaintiff Euston Rice ("Plaintiff"), an inmate currently confined at the Clinton Correctional Facility, filed a civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 against Defendants Dennis Leorard ("Leorard") and Robert Schrunk ("Schrunk") (collectively, "Defendants"), officers of the Albany City Police Department, alleging that on July 1, 2001, Defendants falsely arrested and imprisoned Plaintiff. For the following reasons, Plaintiff's complaint is dismissed.

**I.    BACKGROUND**

      In his complaint, Plaintiff alleges that on July 1, 2001, Defendants forcibly entered his home, searched and handcuffed him and placed him under arrest, without either a warrant, consent, or probable cause to arrest. Complaint (Dkt. No. 1). At that time, Plaintiff was wanted for questioning in regards to a June 10, 2001 stabbing. Subsequent to his arrest, Plaintiff was charged with aggravated assault relating to the June 10, 2001 stabbing. Plaintiff was convicted after a jury trial in Albany County Court of assault in the first degree on March 26, 2002 and

sentenced to a determinate term of fourteen years imprisonment. His conviction was affirmed by the New York State, Appellate Division Third Department on October 30, 2003. People v. Rice, 766 N.Y.S.2d 444 (N.Y. App. Div. 2003). Review was then denied by the New York State Court of Appeals on February 5, 2004. People v. Rice, 808 N.E.2d 1290 (N.Y. 2004). Plaintiff filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus in this Court on March 26, 2004. See Petition, Case No. 04-CV-335 (Dkt. No. 1). Plaintiff's habeas petition is still pending.

## II.   DISCUSSION

Plaintiff was granted leave to proceed *in forma pauperis* in this action. IFP Order (Dkt. No. 4). The statute governing *in forma pauperis* cases, 28 U.S.C. § 1915(e), provides that "[t]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). Such a dismissal is mandatory. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) ("the Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) provided that dismissal for failure to state a claim is mandatory").

In reviewing the complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 10 (1980); see also Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993). The Court "accepts as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to Plaintiff. Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)). Dismissal of the complaint

2

under 28 U.S.C. § 1915(e)(2)(B)(ii) is only appropriate if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Police officers are not subject to liability under 42 U.S.C. § 1983 for false arrest or imprisonment where the disputed arrest was supported by probable cause. See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). Courts have recognized that a conviction, either after trial or pursuant to a guilty plea, demonstrates probable cause for the arrest and bars a false arrest claim. See Vallen v. Connelly, 36 Fed. Appx. 29, 32 (2d Cir. 2002) ("[A]n eventual conviction forecloses a false-arrest claim because the conviction creates the irrebuttable presumption that probable cause existed for arrest."); Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986) ("[T]he common-law rule, equally applicable to actions asserting false arrest, false imprisonment or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested."); Powers v. Sickler, 1995 U.S. Dist. LEXIS 4735, at *12 (N.D.N.Y. March 31, 1995) (Pooler, J.) ("[A] valid conviction will bar plaintiff from asserting claims for false arrest, false imprisonment, or malicious prosecution."); Perlleshi v. County of Westchester, 2000 U.S. Dist. LEXIS 6054, at *9-10 (S.D.N.Y. Apr. 24, 2000). Pursuant to the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff cannot proceed with the present claim without first demonstrating that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87. See also Cameron, 806

3

F.2d at 388-89.

It is clear by the record that Plaintiff's conviction has not been invalidated, and therefore, he fails to state a claim cognizable under 42 U.S.C. § 1983. As a result, Plaintiff's claims against Defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). If the Plaintiff successfully challenges his conviction, Plaintiff will have an opportunity to replead this claim.[1]

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:    September 1, 2005
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] In false arrest and false imprisonment cases where the person arrested is convicted of the criminal charge and the conviction is later overturned, "the statute of limitations does not begin running until the date on which the conviction is overturned." McIlwain v. Perez, 1997 U.S. Dist. LEXIS 23860, at *6 (E.D.N.Y. Jan. 29, 1997).

4